**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **NO. WA: 24-CR-0013-ADA** |
| **vs.** | § | |
| | § | |
| **JOVANA MILAGROS VASQUEZ** | § | |

**DEFENDANT JOVANA MILAGROS VASQUEZ'S SENTENCING MEMORANDUM**

TO THE HONORABLE ALAN D ALBRIGHT, UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, WACO DIVISION:

NOW COMES Defendant, JOVANA MILAGROS VASQUEZ, by and through undersigned counsel, and submits her Sentencing Memorandum for this Honorable Court's consideration. The sentencing hearing is scheduled to commence on May 29, 2024. For all reasons herein, Ms. Vasquez respectfully requests this Honorable Court to depart downward and sentence her to a term of probation, and any other terms or conditions the Court finds appropriate.

## 1. INTRODUCTION

For the reasons set forth below, the defense respectfully submits that a term of probation is more than adequate to satisfy the sentencing factors outlined in 18 U.S.C. § 3553(a). The law allows this Court to impose a downward departure, or a variance based on certain factors it can consider. This memorandum provides the Court with relevant information that will allow the Court to depart downward and grant Ms. Vasquez her plea for a probation sentence.

## 2. STATEMENT OF THE CASE

Ms. Vasquez purchased multiple firearms in April and July 2022. Before purchasing these firearms, Ms. Vasquez's husband, Carlos Vasquez-Casas, was deported to Mexico in 2021. He resides in Guanajuato, a state with extreme cartel violence. After some time in Mexico, Mr. Vasquez-Casas asked his wife to purchase firearms for his protection. Unwisely, she purchased multiple firearms and attempted to send them via a courier. The courier was apprehended with the firearms at the International Bridge in Del Rio, Texas. The courier confessed to U.S. Customs and Border Protection officers that he had received certain firearms from Ms. Vasquez. After being confronted by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE), she admitted to purchasing the firearms for her husband. This admission was made with counsel present.

On January 23, 2024, Ms. Vasquez voluntarily surrendered and was released on an unsecured $25,000.00 bond.

3. **PROCEDURAL HISTORY**

a. On January 23, 2024, the Defendant pled guilty to Count 1: False Statement During Purchase of a Firearm in violation of 18 U.S.C. 922(a)(6) & 18 U.S.C. 924(a)(2); Count 2 and Count 3: Straw Purchase of a Firearm in violation of 18 U.S.C. 932(b)(1).

b. The Presentence Investigation Report (hereafter "PSR") recommends a guideline range of 33 months to 41 months on all Counts. (PSR at p. 12, ¶66)

4. **APPLICABLE LEGAL STANDARD**

The "over-arching provision" of 18 U.S.C. § 3553(a) is to impose a sentence "sufficient, but not greater than necessary" to meet the goals of sentencing established by Congress. *Kimbrough v. United States,* 552 U.S. 85, 101 (2007). Though this Court must still consider the sentencing guidelines, the Supreme Court has held under *United States v. Booker*, and its progeny that the

Guidelines are "merely one sentencing factor among many, and the calculated guideline range must be considered in conjunction with other § 3553(a) factors." *United States v. Reinhart,* 442 F.3d 857, 864 (5th Cir. 2006), *cert. denied,* 127 S.Ct. 131 (2006) (*citing United States v. Booker,* 125 S.Ct. at 756-757). Under the Federal sentencing statute, a "sentence sufficient, but not greater than necessary" to meet certain goals, includes consideration of "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant…; and (3) the kinds of sentences available." 18 U.S.C. § 3553(a).

5. **APPLYING THE FACTORS OF 18 U.S.C. § 3553(a)**

    a. **HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Ms. Vasquez was born in 1978 in Memphis, Texas. She communicated to undersigned counsel that she had a great childhood free of abuse and neglect. She has raised five children, and they are between the ages of 25 and 6. She has a 15-year-old daughter who suffers from Dravet Syndrome. She was diagnosed at a very early age after she began having frequent seizures. She has been prescribed medication, and as a result, her seizures have become less frequent. Ms. Vasquez regularly monitors her daughter to ensure she receives appropriate care.

Ms. Vasquez drives her 3 youngest children to the Rapoport Academy daily and picks them up when school is out. She is a single parent and is there to meet their every need. There is nothing she would not do for her children.

Ms. Vasquez owns a moving company she bought several years ago. When she is not raising her children, this is what she is doing. The income she makes from her business provides for her

family in addition to paying her business loan. She also has three employees. She has worked hard to get to where she is today and is a productive member of society.

Additionally, Ms. Vasquez has no criminal history and has been a law-abiding citizen until the recent charge.

### b. NEED FOR THE SENTENCE IMPOSED TO ADDRESS SENTENCING CONSIDERATIONS

As noted above, other factors that this Court is to consider under Section 3553 are "the need for the sentence imposed to reflect the seriousness of the offense, (A) to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant." The Defendant understands that the Court could sentence her to 33 months or more. The Defendant has been on bond since January 2024 without any issues. Counsel believes that a probation sentence will promote respect for the law and provide just punishment for the offense. Even though Ms. Vasquez has committed a boneheaded move, she is best served with a probation sentence with appropriate terms and conditions. This would allow her to continue to raise and care for her children.

Counsel believes that a probation sentence with specific terms and conditions would effectively deter her from future criminal conduct and protect the public from any further offenses by the Defendant. Furthermore, if Ms. Vasquez were to be incarcerated, it would pose a hardship for her children. As a single parent without involvement from her children's father, she is their sole provider.

## 6. CONCLUSION

We believe, with all due respect, that your Honor has compelling reasons to impose a probation sentence in the case of Ms. Vasquez that would fully support the requirements of §

3553(a), or that a probation sentence should be adequate but not greater than necessary to address the seriousness of the criminal conduct and to promote respect for the law.

DATED: May 22, 2024.

Respectfully Submitted,

By: _____

ROBERT STEM, JR.
State Bar No. 24068667
801 Washington Ave, Ste 300
Waco, Texas 76701
Office: 254-776-0554
Fax: 254-442-7937
robert@rstemlaw.com
Attorney for JOVANA MILAGROS
VASQUEZ

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the Defendant JOVANA MILAGROS VASQUEZ'S SENTENCING MEMORANDUM was served to the Assistant United States Attorney, Mr. Mark Frazier by CM/ECF on the May 22, 2024.

_____
ROBERT STEM, JR.